IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRANDON T. COLEMAN, TDCJ No. 1076533, | § § § |
| Plaintiff, | § § |
| V. | § No. 3:19-cv-3009-L-BN |
| DALLAS COUNTY JAIL and ALICE HAYDEN, | § § § § |
| Defendants. | § § |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Brandon T. Coleman, now a Texas prisoner, filed this *pro se* action in state court against Defendants Dallas County Jail and Alice Hayden (who Coleman identifies as a commander at the jail), alleging that, while an inmate at the jail, his rights protected by the Eighth Amendment were violated based on pain that he suffered from the mattress that he was provided and appearing to also assert that the same allegations make out a claim under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* (the "ADA"). *See* Dkt. No. 1-1 at 11-15.

His case was removed based on the existence of a federal question. *See* Dkt. No. 1. And United States District Judge Sam A. Lindsay referred it to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b). *See* Dkt. No. 8.

Although, in removing this action to federal court, Defendants paid the $400 statutory filing fee, the Court must still screen Coleman's claims under 28 U.S.C. §

1915A. *Cf. Thompson v. Hayes*, 542 F. App'x 420, 420-21 (5th Cir. 2013) (per curiam) ("[U]nder 28 U.S.C. § 1915A(b)(1), the district court is required to review any civil complaints in which a prisoner seeks relief against a government entity, officer, or employee regardless of whether the prisoner has paid the filing fee." (citing *Ruiz v. United States*, 160 F.3d 273, 274-75 (5th Cir. 1998))).

The undersigned has therefore reviewed those claims and considered the motions filed in state court that were pending at the time of removal, to dismiss and/or to abate and to quash service, *see* Dkt. No. 1-1 at 46-50; FED. R. CIV. P. 81(c), and now enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action with prejudice.

## Legal Standards

Under the Prison Litigation Reform Act ("PLRA"), where a prisoner – whether he is incarcerated or detained pending trial – seeks relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

The fails-to-state-a-claim language of this statute (as well as its sister statute, Section 1915(e)(2)(B)) "tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam).

And "[i]t is well-established that a district court may dismiss a complaint on its own motion under [Rule] 12(b)(6) for failure to state a claim upon which relief may granted." *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969,

at *1 (N.D. Tex. Oct. 30, 2018) (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir. 2006) (citing, in turn, *Shawnee Int'l, N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984))), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019).

A district court may exercise its "inherent authority ... to dismiss a complaint on its own motion ... 'as long as the procedure employed is fair.'" *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (per curiam) (quoting *Carroll*, 470 F.3d at 1177 (quoting, in turn, *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)); citation omitted). The United States Court of Appeals for Fifth Circuit has "suggested that fairness in this context requires both notice of the court's intention to dismiss *sua sponte* and an opportunity to respond." *Id.* (quoting *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007) (quoting, in turn, *Carroll*, 470 F.3d at 1177); internal quotation marks and brackets omitted). These findings, conclusions, and recommendations provides notice, and the period for filing objections to them affords an opportunity to respond. *See, e.g., Starrett*, 2018 WL 6069969, at *2 (citations omitted)).

Dismissal for failure to state a claim under either Section 1915A(b)(1), Section 1915(e)(2)(B)(ii), or Rule 12(b)(6) "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam)), as neither the PLRA, the IFP statute, nor the Federal Rules of Civil Procedure "countenance dismissal of a complaint for imperfect statement of the legal

theory supporting the claim asserted," *Johnson*, 574 U.S. at 11.

Instead, plaintiffs need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Id.* at 12 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* And "[a] claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("[T]he degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context."))).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and

conclusions, and, while a court must accept all of a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

This rationale has even more force here, as the Court "must construe the pleadings of *pro se* litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), "to prevent the loss of rights due to inartful expression," *Marshall v. Eadison*, 704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)). But "liberal construction does not require that the Court ... create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013). "To demand otherwise would require the 'courts to explore exhaustively all potential claims of a *pro se* plaintiff'" and would "'transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.'" *Jones v. Mangrum*, No. 3:16-cv-3137, 2017 WL 712755, at *1 (M.D. Tenn. Feb. 23, 2017) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

"Ordinarily, 'a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.'" *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009)). But leave to amend is not required where an

amendment would be futile, *i.e.,* "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion," *Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016) (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)), or where a plaintiff has already amended his claims, *see Nixon v. Abbott*, 589 F. App'x 279, 279 (5th Cir. 2015) (per curiam) ("Contrary to Nixon's argument, he was given the opportunity to amend his complaint in his responses to the magistrate judge's questionnaire, which has been recognized as an acceptable method for a *pro se* litigant to develop the factual basis for his complaint." (citation omitted)).

## Analysis

Coleman alleges that "he suffer[ed] severe pain from sleeping on a mattress provided by Dallas County Jail from December of 2018 up until Oct 9, 2019," further alleging that his being forced to use a mattress without a foundation, contrary to the instructions on the mattress, "violated [his] disability rights as of my ADA rights and 8th Amendment of the U.S. Constitution." Dkt. No. 1-1 at 13. And he seeks $200,000 in damages. *See id.* at 14.

Initially, while "[t]he Dallas County Jail is not a separate legal entity subject to suit and therefore not a proper defendant in this case," *Lindley v. Bowles*, No. 3:02-cv-595-P, 2002 WL 1315466, at *2 (N.D. Tex. June 12, 2002), "*[p]ro se* plaintiffs who name a non jural entity as a defendant should be alerted and given an opportunity to amend before dismissal of the action," *Johnson v. Dallas Police Dep't*, No. 3:13-cv-4537-D, 2014 WL 309195, at *2 n.2 (N.D. Tex. Jan. 28, 2014) (citing *Parker v. Fort Worth Police Dep't*, 980 F.2d 1023, 1026 (5th Cir. 1993)). Given this principle and the

allegations that Coleman makes – fairly read as conditions-of-confinement claims against Dallas County as a municipality and a supervisory official at the jail (Hayden) – the Court, for purposes of screening, should liberally construe Coleman's claims against the jail to be claims against the county.

"[S]ince pretrial detainees and convicted state prisoners are similarly restricted in their ability to fend for themselves, the State owes a duty to both groups that effectively confers upon them a set of constitutional rights that fall under the Court's rubric of 'basic human needs.'" *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc). The basic human needs of pretrial detainees are "protected by the Due Process Clause of the Fourteenth Amendment." *Alderson v. Concordia Parish Corr. Facility*, 848 F.3d 415, 419 (5th Cir. 2017) (citing *Cupit v. Jones*, 835 F.2d 82, 84-85 (5th Cir. 1987)); *accord Hare*, 74 F.3d at 639 (citing *Bell v. Wolfish*, 441 U.S. 520 (1979)). And that clause affords pretrial detainees "protections [that are] 'at least as great as ... those available to a convicted prisoner.'" *Price v. Valdez*, No. 3:16-cv-3237-D, 2017 WL 3189706, at *5 (N.D. Tex. July 27, 2017) (quoting *Hare*, 74 F.3d at 639; original brackets omitted).

"Constitutional challenges by pretrial detainees may be brought under two alternative theories: as an attack on a 'condition of confinement' or as an 'episodic act or omission.'" *Shepherd v. Dallas Cnty.*, 591 F.3d 445, 452 (5th Cir. 2009) (quoting Hare, 74 F.3d at 644-45); *accord Cadena v. El Paso Cnty.*, 946 F.3d 717, 727 (5th Cir. 2020). As applicable here,

> [f]or a conditions of confinement claim, "the proper inquiry is whether those conditions amount to punishment of the detainee." *Bell*, 441 U.S.

- 7 -

> at 535. If "the condition of confinement is not reasonably related to a legitimate, non-punitive governmental objective," it is assumed that "by the municipality's very promulgation and maintenance of the complained-of condition, that it intended to cause the alleged constitutional deprivation." *Scott v. Moore*, 114 F.3d 51, 53 (5th Cir. 1997). [The Fifth Circuit] has said that a condition may take the form of "a rule," a "restriction," "an identifiable intended condition or practice," or "acts or omissions" by a jail official that are "sufficiently extended or pervasive." *Estate of Henson v. Wichita Cnty. Tex.*, 795 F.3d 456, 468 (5th Cir. 2015) (quoting *Duvall v. Dallas Cnty.*, 631 F.3d 203, 207 (5th Cir. 2011)). "In some cases, a condition may reflect an unstated or *de facto* policy, as evidenced by a pattern of acts or omissions 'sufficiently extended or pervasive, or otherwise typical of extended or pervasive misconduct by [jail] officials, to prove an intended condition or practice.'" *Shepherd*, 591 F.3d at 452 (quoting *Hare*, 74 F.3d at 645). But "isolated examples of illness, injury, or even death, standing alone, cannot prove that conditions of confinement are constitutionally inadequate." *Id.* at 454. To prevail on a claim of unconstitutional conditions of confinement, a plaintiff must show: "(1) 'a rule or restriction or ... the existence of an identifiable intended condition or practice ... [or] that the jail official's acts or omissions were sufficiently extended or pervasive'; (2) which was not reasonably related to a legitimate governmental objective; and (3) which caused the violation of [the inmate's] constitutional rights." *Duvall*, 631 F.3d at 207 (quoting *Hare*, 74 F.3d at 645).

*Cadena*, 946 F.3d at 727 (citation modified).

To the extent that Coleman's use of a mattress without a foundation over an extended period of time rises above an isolated incident, Coleman fails to show how this violated his Eighth Amendment right against cruel and unusual punishment.

"To establish an Eighth Amendment violation, the prisoner must demonstrate that the conditions of his confinement were 'so serious as to deprive prisoners of the minimal ... measure of life's necessities, as when it denies the prisoner some basic human need,' and further, that the responsible prison officials acted with deliberate indifference to the prisoner's health or safety." *Young v. McCain*, 760 F. App'x 251, 257 (5th Cir. 2019) (per curiam) (quoting *Woods v. Edwards*, 51 F.3d 577, 581 (5th

Cir. 1995) (internal quotation marks and citation omitted)).

> [T]he indicia of confinement constituting cruel and unusual punishment include wanton and unnecessary infliction of pain, conditions grossly disproportionate to the severity of the crime warranting imprisonment, and the deprivation of the minimal civilized measures of life's necessities. To the extent that prison conditions are restrictive and even harsh without meeting these indicia, they are part of the penalty criminal offenders pay for their offenses against society. [In sum,] the Eighth Amendment does not afford protection against mere discomfort or inconvenience.

*Bakre v. Kendall*, No. 6:19cv298, 2020 WL 5507836, at \*9 (E.D. Tex. July 1, 2020) (citing *Wilson v. Lynaugh*, 878 F.2d 846, 848, 849 (5th Cir. 1989); *Rhodes v. Chapman*, 452 U.S. 337, 346-47 (1981); citation omitted), *rec. adopted*, 2020 WL 5504271 (E.D. Tex. Sept. 11, 2020); *cf. Garza v. City of Donna*, 922 F.3d 626, 634 (5th Cir. 2019) ("Our court has based its Fourteenth Amendment case law concerning pretrial detainees on the [United States] Supreme Court's Eighth Amendment precedent concerning prisoners." (citations omitted)).

"There is no constitutional right for [a prisoner] to be furnished with an orthopedically approved mattress. The type of furnishings given an inmate is a matter of prison administration. It is not cruel and unusual punishment to be denied the exact kind and quality mattress that an inmate might prefer." *Sinclair v. Henderson*, 331 F. Supp. 1123, 1126-27 (E.D. La. 1971). Relatedly, the Fifth Circuit has "found no constitutional violation where the inmates in solitary confinement were given gowns and blankets, but were not provided mattresses or pillows, even during nighttime hours, for up to 15 days," *Young*, 760 F. App'x at 257 (citing *Novak v. Beto*, 453 F.2d 661, 665-66, 669, 671 (5th Cir. 1971)), and, "[l]ikewise, … has affirmed dismissals of § 1983 challenges to isolation conditions as frivolous where an inmate

was denied a mattress and bedding only during daytime hours for an unspecified number of days," *id.* (citations omitted); *see also Bakre*, 2020 WL 5507836, at *10 ("Bakre's belief that he needed a geo mattress does not itself show that the Defendants were deliberately indifferent for failing to provide one for him or that the fact he did not receive one amounted to cruel and unusual punishment. His claim on this point lacks an arguable basis in law and may be dismissed as frivolous.").

Considering Coleman's claims concerning the use of a mattress without a foundation in light of this authority, the Court should dismiss his Eighth Amendment/Fourteenth Amendment due process claim with prejudice as frivolous.

Coleman also appears to contend that the same facts allege a claim under the ADA.

> Title II of the ADA provides: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. It defines "public entities" to include local governments. 42 U.S.C. § 12131(1)(A). [And t]he Supreme Court has held that prisons are public entities that may not exclude disabled individuals from participation in or deny them the benefits of their services, programs, or activities. *Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998).

*Cadena*, 946 F.3d at 723.

But to allege a prima facie case of discrimination under Title II, Coleman must allege facts to show or from which the Court may infer "'(1) that he is a qualified individual within the meaning of the ADA; (2) that he is being excluded from participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible, or is otherwise being discriminated against by the

public entity; and (3) that such exclusion, denial of benefits, or discrimination is by reason of his disability.'" *Id.* (quoting *Melton v. Dallas Area Rapid Transit*, 391 F.3d 669, 671-72 (5th Cir. 2004)).

Coleman fails to allege facts from which the Court may infer that he is a qualified individual under the ADA or – particularly because he seeks monetary damages – facts from which the Court may infer that Dallas County intended to discriminate against him based on a disability by making him use a mattress without a foundation. *See id.* at 724 ("[T]o recover compensatory damages, a plaintiff must also prove that the discrimination was intentional." (footnote and citation omitted)).

The Court should therefore also dismiss Coleman's ADA claim with prejudice as frivolous.

**Recommendation**

The Court should dismiss this case with prejudice under 28 U.S.C. § 1915A.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 22, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE