IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BRANDON T. COLEMAN,** #1076533, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:19-CV-3009-L-BN** |
| | § | |
| **DALLAS COUNTY JAIL and** | § | |
| **ALICE HAYDEN,** | § | |
| | § | |
| Defendants. | § | |

## <u>ORDER</u>

The Findings, Conclusions and Recommendation of the United States Magistrate Judge

("Report") (Doc. 14) was entered on October 22, 2020, recommending that the court dismiss with

prejudice this action pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which

relief can be granted. No objections to the Report were filed as of the date of this order.  In lieu of

objections, Plaintiff filed a Notice in which he indicates only that, "[p]ursuant to F.R.C.P. 41[,] [he]

withdraws the pleadings before the Courts." Doc. 15. Defendants contend in response that dismissal

of this action under  Federal Rule of Civil Procedure 41(a)(1) by Plaintiff is improper absent their

consent because they filed an answer in this action before Plaintiff sought to voluntarily dismiss it.

Defendants assert that they do not oppose dismissal of the action, but they contend that dismissal

should be with prejudice as recommended by the magistrate judge.

Defendants are correct.  Assuming that Plaintiff sought to dismiss without prejudice this

action under Rule 41(a)(1) to avoid an adverse ruling, he cannot do so without a court order absent

Defendants' consent.  Additionally, Plaintiff's Notice of withdrawal does not qualify as a request to

**Order –Page 1**

dismiss without prejudice this action under Rule 41(a)(2), and, in any event, the court determines that dismissal without prejudice is inappropriate in light of the magistrate judge's recommendation and the timing of Plaintiff's Notice, which was not filed until after the magistrate judge issued his Report recommending that Plaintiff's claims be dismissed with prejudice. Additionally, Plaintiff did not file objections to the Report in the time allowed or seek an extension to do so; nor did he seek to amend his pleadings to cure the deficiencies identified by the magistrate judge.  Thus, even if the court construed Plaintiff's Notice as a request to dismiss the action without prejudice under Rule 41(a)(2), it would deny the motion.

Accordingly, for these reasons, and having reviewed the pleadings, file, record in this case, and the Report, the court determines that the findings and conclusions of the magistrate judge are correct, **accepts** them as those of the court; and **dismisses with prejudice** this action pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief can be granted.

The court prospectively **certifies** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  In support of this certification, the court **incorporates** by reference the Report.  *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.21 (5th Cir. 1997).  The court **concludes** that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous.  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit.  *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**It is so ordered** this 30th day of November, 2020.

Sam A. Lindsay
United States District Judge

**Order –Page 3**